**Zi Qiang LIN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
Respondent.

No. 06–0952–AG.

United States Court of Appeals,
Second Circuit.

Feb. 26, 2007.

Theodore N. Cox, New York, New York, for Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas, Denise Williams, Assistant United States Attorney, Lubbock, Texas, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. BARRINGTON D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Zi Qiang Lin, a native and citizen of the People's Republic of China, seeks review of a January 31, 2006 order of the BIA affirming the September 16, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his applications for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). *In re Zi Qiang Lin,* No. A97 478 578 (B.I.A. Jan. 31, 2006), *aff'g* No. A97 478 578 (Immig. Ct. N.Y. City Sept. 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, with some modifications, we review the IJ's opinion as modified by the BIA. *See Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ We lack jurisdiction to consider the agency's finding that Lin failed to demonstrate changed or extraordinary circumstances to excuse the untimely filing of his asylum application, except to the extent that he raises constitutional claims or questions of law in his petition for review.

*See* 8 U.S.C. §§ 1158(a)(3); 1252(a)(2)(D). Upon review of Lin's brief, we find that he challenges only the agency's factual and discretionary determinations; therefore, the asylum claim is dismissed for lack of jurisdiction. *See Xiao Ji Chen,* 471 F.3d at 328–30.

■ Lin's CAT claim is also dismissed for lack of jurisdiction, because he failed to exhaust his administrative remedies by seeking review of that claim in his brief to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119–20 & n. 3 (2d Cir.2006).

■ Although we reach the merits of Lin's withholding claim, which is not subject to the one-year bar, we deny the petition for review with respect to that claim, because substantial evidence supports the BIA's findings that Lin was not credible and failed to meet his burden of proof. *See Xiao Ji Chen,* 471 F.3d at 332–33. To the extent that Lin's claim was based on his religion, the BIA reasonably found that he (1) admitted he had not experienced religion-based harm in the past; (2) failed to mention in his asylum application that his work unit had warned him to stop attending an underground church; and (3) provided no other evidence to suggest that he was more likely than not to suffer persecution on account of his religion in the future.

The BIA also reasonably found that Lin failed to establish that his wife was forced to have an abortion in May 2001. Because Lin was in the United States at that time, and his only knowledge of the alleged abortion was through what his wife told him, the agency was reasonable in requiring reliable corroboration. Moreover, the agency reasonably found that the unsworn, non-notarized letter from Lin's wife was

insufficient corroboration, when the family planning examination record Lin submitted contained no entries prior to September 2001, and he was unable to explain whether any prior record existed. Additionally, Lin's testimony that his wife learned she was pregnant in February 2001 after visiting a private doctor suggested that the doctor could have provided a statement confirming her pregnancy. Because Lin's testimony and demonstrated ability to obtain documents from his wife indicated that additional, more probative documentary evidence was reasonably available, the agency properly found that he failed to establish the fact of the abortion through his testimony alone. *See Zhou Yun Zhang,* 386 F.3d at 78; *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003). Moreover, the BIA properly concluded that, having failed to establish this critical allegation, Lin failed to establish that he was more likely than not to face future persecution under the birth control policy.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. Having completed our review, we DENY Lin's motion for a stay of removal.